IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-54-TWP-DCP |
| | ) | |
| HUGH WEST, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on April 19, 2018, for a preliminary hearing on a Petition for Warrant for Offender under Supervision [Doc. 44] and a detention hearing to determine the Defendant's release status pending his revocation hearing before District Judge Thomas W. Phillips. Assistant United States Attorney LaToyia T. Carpenter appeared on behalf of the Government. Assistant Federal Defender Jonathan A. Moffatt represented the Defendant, who was also present. The Government asked the Court to detain the Defendant pending his revocation hearing, arguing that he is a danger to the community. The Defendant, who had previously requested a preliminary hearing and detention hearing, sought release pending his revocation hearing. He proposed that he continue to live with his girlfriend and her son, that he continue to work, that he submit to home detention, and that the Court increase the frequency of his drug testing.

Considering the testimony of United States Probation Officer Robert C. Welch, the exhibits presented at the hearing, and the proffer and arguments of counsel along with the Court file, the Court finds **PROBABLE CAUSE** to believe that the Defendant has violated the conditions of his release by committing another federal, state, or local crime, specifically the possession of

methamphetamine. The Court bases this finding on the testimony of Probation Officer Welch, who testified that on March 22, 2018, the Defendant provided a urine sample, which gave a positive result for methamphetamine using a "cup test." The urine sample was submitted to a laboratory, where it also tested positive for methamphetamine. The Government introduced the laboratory report [Exhibit 1] documenting this positive drug test. The Court also finds that this testimony and exhibit provide probable cause that the Defendant violated the following additional conditions, as alleged in the Petition: The Defendant shall not possess or unlawfully use a controlled substance; the Defendant shall not purchase, possess, or use any controlled substance without a legal prescription; the Defendant shall not frequent locations where controlled substances are illegally sold, used, or distributed; and the Defendant shall not associate with anyone engaged in criminal activity. Finally, the Court finds probable cause the believe the Defendant violated the condition that he answer all inquiries by his probation officer truthfully. This finding is based upon Probation Officer Welch's testimony that the Defendant repeatedly denied that he had used methamphetamine following the initial cup test and even after he was told of the results of the laboratory test.

With regard to detention, the Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6). The defendant bears the

burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. *See also United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). First, the nature and circumstances of the violations alleged in this case involve a controlled substance. *See* 18 U.S.C. § 3142(g)(1). Second, the Court finds that, based upon the laboratory report confirming the Defendant's urine sample was positive for methamphetamine, the weight of the evidence of the Defendant's dangerousness is strong. The Court also notes that the Defendant was convicted of being a felon in possession of a firearm in 2006. 18 U.S.C. § 3142(g)(2); *see Stone*, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

The third factor focuses on the Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). The Court observes that the Defendant has a stable place to live with his girlfriend and her son and can return to his job at David's Tires. These factors support release. On the other hand, the court finds that the Defendant's history of drug abuse and criminal history weigh in favor of detention. With regard to drug abuse, the Presentence Report reveals that the Defendant used methamphetamine for approximately twelve years before his 2005 arrest on federal charges. Additionally, Probation Officer Welch testified that the Defendant had repeatedly refused drug addiction treatment. The Defendant's criminal history includes a 2002 state conviction for possession of methamphetamine with intent to sell, a 2003 state conviction for attempt to manufacture methamphetamine, and a 2006 federal conviction for possession of methamphetamine with intent to distribute. All of these convictions involve methamphetamine. The Court notes that the Defendant's supervised release was revoked in March 2017, for methamphetamine use, and that the Defendant had only been released into the community for one

month from that prior revocation before he received the instant positive drug screen. Also, the Court finds that the Defendant was on federal supervised release at the time he committed the alleged violations. *See* 18 U.S.C. § 3142(g)(3)(B).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Court also finds this factor to weigh in favor of detention, because it unfortunately appears that the Defendant is addicted to methamphetamine. Use of an illegal substance like methamphetamine necessarily puts others in the vicinity in danger. *See United States v. McIntosh*, No. 02–CR–20049–02, 2012 WL 762614, *1 (E.D. Mich. Mar. 9, 2012) (holding the defendant's "continued controlled substance use, after having been previously convicted of drug trafficking, poses added danger to the community"). The Court finds that this information presented at the detention hearing reveals the nature and seriousness of the danger posed by the Defendant is great.

The Defendant has failed to carry his burden of showing, by clear and convincing evidence, that he is not a danger to the community. The Defendant has also failed to show that release on his prior conditions or any conditions, to include home detention or frequent drug testing, would reasonably assure the safety of the community. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, and therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge

of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The Defendant is **ORDERED** to appear for a revocation hearing before District Judge Phillips on **May 21, 2018, at 1:30 p.m.**

    **IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States District Judge