UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | No. | 3:05-CR-54 |
| | ) | | Judge Phillips |
| HUGH A. WEST | ) | | |

## **MEMORANDUM AND ORDER**

Defendant Hugh A. West and the United States, joined by the United States Probation Office, have filed a joint motion for early termination of supervised release [doc. 65]. In support of this motion, the parties note that Defendant has struggled with repeated violations of his supervised release, primarily related to his continued use of illicit drugs. However, before the parties were able to resolve Defendant's most recent revocation petition, Defendant was unexpectedly rushed to the hospital where he underwent a number of life-saving surgeries. This Court granted a motion for emergency bond, based on information that Defendant's illness was likely terminal. Although Defendant survived this emergency hospitalization, the parties indicate that Defendant continues to receive medical treatment and is presently residing at a nursing home facility. The parties believe that Defendant's release from supervision will not endanger the community.

The record reflects that Defendant pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). On July 28, 2006, Defendant was sentenced to a term of imprisonment of 144 months, to be followed by an eight-year term of supervised release. [Doc. 31].

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of Defendant's supervised release. First, the Court notes that Defendant meets the requirement that a defendant have served at least one year of supervised release. The record reflects that Defendant was released from prison, and began his term of supervision, on October 12, 2016. [Doc. 35]. Defendant's supervised release was revoked on March 15, 2017. [Doc. 43]. Accordingly, Defendant served a total of 154 days on supervised release at this time. Defendant was again released from prison, and began his term of supervision, on February 20, 2018. [Doc. 44]. Defendant's supervised release was revoked again on May 21, 2018. [Doc. 54]. Accordingly, Defendant served a total of 90 days on supervised release at this time. Defendant was released, and began his new term of supervision, on July 26, 2019. [Doc. 55]. Although a petition for revocation of Defendant's supervised release was filed, no order of revocation has been entered, therefore, Defendant has remained on supervised release since this time, for a total of 136 days, as of the date of this order. Thus, in total, Defendant has served 380 days of supervised release, which exceeds the one-year statutory requirement.

Second, the Court must determine whether the conduct of the defendant and the interests of justice support early termination of supervised release. In considering the totality of the circumstances, the Court concludes that the interests of justice support early termination of Defendant's supervised release. Although Defendant has continued to struggle with substance abuse problems while on supervised release, in light of the drastic change of circumstances relating to Defendant's health, the Court concludes that Defendant is no longer a risk to any person, or the community. As the parties note, after undergoing several surgeries, Defendant is now residing in a nursing home facility. Moreover, the Court notes that both the United States Attorney's Office and the United States Probation Office agree that the interests of justice are served by terminating Defendant's supervision. Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the totality of the circumstances, the parties' joint motion for early termination of supervised release [doc. 65] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

**IT IS SO ORDERED.**

  s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE